IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALPHA PSI CHAPTER OF THETA CHI FRATERNITY, *ET AL.* | * |
| *Plaintiffs*, | * |
| v. | *    No. 8:24-cv-00753-DLB |
| | * |
| JAMES BOND, *ET AL.*, | * |
| *Defendants*. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' INTERIM MOTION TO SEAL CERTAIN EXHIBITS
TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

Defendants James Bond, James McShay, Patricia Perillo, Darryll Pines, and the University of Maryland College Park, by and through undersigned counsel, pursuant to Local Rule 105.11, hereby move for an interim order to seal the following Exhibits to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction: Exhibit 5. In support of this motion, Defendants state as follows:

1.     Exhibits 4, 5, and 7 contain education records that are protected from disclosure under the Family Educational Rights and Privacy Act ("FERPA")—20 U.S.C. § 1232g; 34 C.F.R. § 99.1 through § 99.39—and should be sealed.

2.     FERPA regulations broadly define "education records" as those records that are (1) directly related to a student; and (2) maintained by an educational agency or institution. 34 C.F.R. § 99.3. "Directly related" is not defined.

1

3. FERPA regulations define "personally identifiable information" as including but not limited to:

    (a) The student's name;
    (b) The name of the student's parent or other family members;
    (c) The address of the student or student's family;
    (d) A personal identifier, such as the student's social security number, student number, or biometric record;
    (e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;
    (f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or
    (g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. § 99.3.

4. Exhibit 5, an anonymous e-mail, is part of the education record of the student that wrote it and appears to contain information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community who does not have personal knowledge of the fact that the student sent the e-mail to identify the student with reasonable certainty. 34 C.F.R. § 99.3(f). The student who wrote the e-mail specifically requested that it not be shared with any student because the student believed that there was identifying information in the e-mail and the student was concerned for his safety.

5. Similarly, Exhibits 4 and 7 are records of anonymous reports by parents of students that are part of the education records of those students and appear to contain information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community who does not have personal knowledge of the fact that the students' parents made the reports to identify the student with reasonable certainty. 34 C.F.R. § 99.3(f).

6. Educational agencies or institutions may disclose personally identifiable information from the education records of students without their signed written consent in limited circumstances identified in 34 C.F.R. § 99.3, none of which apply here.

7. Alternatives to sealing do not provide sufficient protection because of the highly sensitive nature of these education records.

8. Counsel for Defendants is contemporaneously requesting that counsel for Plaintiffs agree to the entry of the Court's standard Stipulated Protective Order in this case, to allow counsel for Plaintiffs access to Exhibits 4, 5 and 7.

WHEREFORE, Defendants respectfully ask that Exhibits 4, 5 and 7 to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction be sealed, subject to further order of this Court. A proposed order is attached.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Kathryn J. Bradley

_____
KATHRYN J. BRADLEY
Federal Bar No. 21242
LILLIAN L. REYNOLDS
Federal Bar No. 30225

                    Assistant Attorney General
                    Office of the Attorney General
                    200 Saint Paul Place, 17th Floor
                    Baltimore, Maryland 21202
                    kbradley@oag.state.md.us
                    (410) 576-6449
                    (410) 576-6437 (facsimile)

                    *Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I certify that, on this 15th day of March, 2024 the foregoing was served by CM/ECF on all registered CM/ECF users in this case, including the following:

>Ilana L. Linder
>Micah E. Kamrass
>Sean P. Callan
>Manley Burke LPA
>225 W. Court Street
>Cincinnati, OH 45202
>
>Alfred Dumetz Carry
>McGlinchey Stafford PLLC
>1275 Pennsylvania Avenue NW, Suite 420
>Washington, DC 20004

/s/ Kathryn J. Bradley
_____
Kathryn J. Bradley